IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| STEVEN K. FLANAGAN and SANDRA M. FLANAGAN, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 140293N |
| v. | ) ) | |
| DEPARTMENT OF REVENUE, State of Oregon, | ) ) ) ) | |
| Defendant. | ) | **CORRECTED FINAL DECISION** |

This matter is before the court on Plaintiffs' request that the court correct a typographical error in the Final Decision entered in this matter on March 13, 2015, and that the court provide a process for reviewing Defendant's recalculation of the substantial understatement of income penalty. (Ptfs' Ltr at 4, May 1, 2015.) The Final Decision entered on March 13, 2015, is attached and hereby incorporated in this Corrected Final Decision.

A.    *Typographical Error*

In their letter, filed May 1, 2015, Plaintiffs noted that the fourth paragraph on page 28 of the Final Decision entered in this matter contains a typographical error. (*Id.*) Pursuant to Tax Court Rule-Magistrate Division (TCR-MD) 18 A(2), "any party make seek to correct a clerical mistake or omission." Clerical mistakes include typographical errors. TCR-MD 18 A(1).

The fourth paragraph on page 28 of the Final Decision states: "IT IS FURTHER DECIDED that Plaintiffs are not entitled to any of expenses claimed on their federal Schedule C and Schedule F." That paragraph is hereby corrected as follows: "IT IS FURTHER DECIDED that Plaintiffs are not entitled to any [*of*] **other** expenses claimed on their federal Schedule C and

/ / /

Schedule F." That correction is consistent with the statement in the first paragraph of page 28: "Plaintiffs' remaining claimed Schedule C and Schedule F expenses are denied."

B.      *Recalculation of the Substantial Understatement of Income Penalty*

In the Final Decision entered on March 13, 2015, the court wrote:

> "IT IS FURTHER DECIDED that, prior to issuance of the judgment in this case, Defendant shall submit a revised calculation of Plaintiffs' 2009 understatement based on the court's findings and in accordance with OAR 150-314.402(1). Defendant shall state whether the understatement exceeds $15,000, in which case the 20 percent penalty must be imposed under ORS 314.402(1) unless it is waived by Defendant under ORS 314.402(6)."

(Final Dec at 28-29.)

On April 8, 2015, Defendant filed a letter setting forth its calculation of Plaintiffs' 2009 understatement of income. Defendant concluded that "[t]he increase to taxable income in the amount of $53,344 represents a substantial understatement of Taxable Income per ORS 314.402. A Substantial Understatement Penalty in the amount of $946 still applies." (Def's Ltr at 2, Apr 8, 2015.) On May 1, 2015, Plaintiffs filed their letter objecting to Defendant's calculation because Defendant failed to account for expenses previously allowed in Defendant's Conference Report, which was submitted as Exhibit 9. (Ptfs' Ltr at 2-4, May 1, 2015.) Plaintiffs assert that, perhaps based on the typographical error on page 28 of the Final Decision, Defendant "wipe[d] out all previously agreed to or allowed expenses or deductions in its recalculation report." (*Id.* at 4.) Plaintiffs request that the court clarify its intent and "set forth the process of reviewing the revised recalculation report and when the 60 day period would begin to run." (*Id.*)

As noted in the court's Final Decision, Plaintiffs appealed from Defendant's Conference Decision and Notice of Deficiency Assessment, dated March 11, 2014, specifically challenging "Defendant's denial of Plaintiffs' claimed Schedule C business expenses, Plaintiffs' Schedule F farm loss, Plaintiffs' claimed theft loss, and the substantial understatement of income penalty."

(Final Dec at 1-2 (citations omitted).) The court cited Plaintiffs' Trial Memorandum to identify the issues presented for decision. (*Id.* at 2.) The court accepted Defendant's adjustments that were not challenged by Plaintiffs, including expenses previously allowed by Defendant.[1] The court clearly stated when it intended to supersede a deduction previously allowed by Defendant. (*See id.* at 17 (stating "The court's supply expense allowance supersedes the unidentified supply expenses allowed by Defendant.").)

Plaintiffs are correct that recalculation of their 2009 substantial understatement of income must include expenses previously allowed by Defendant as well as those expenses allowed in the court's Final Decision, unless otherwise noted (*e.g.,* Sandra's supply expenses). Within 14 days of the date of this Corrected Final Decision, the parties must file a stipulated calculation of Plaintiffs' 2009 substantial understatement of income and related penalty based on the court's direction in this Corrected Final Decision.

If the parties cannot agree on the correct calculation of Plaintiffs' 2009 substantial understatement of income and related penalty, each party must file within 14 days of the date of this Corrected Final Decision its own calculation of the substantial understatement and penalty based on the court's direction in this Corrected Final Decision. Within 10 days of receiving the parties' calculations, the court will notify the parties in writing of the 2009 substantial understatement of income and related penalty calculation accepted by the court. The calculation accepted by the court will be reflected in the Judgment issued in this matter if no appeal is taken to the Regular Division.

/ / /

---

[1] The court's Final Decision includes several examples: On page 3, under the subheading "Office Expenses," the court wrote "On their 2009 Schedule C, Plaintiffs claimed an office expense of $5,856 for Sandra's consulting business. (Def's Ex C at 7.) Of that amount, $5,240 remains at issue. (Ptfs' Trial Mem at 2.)" On page 6, in footnote 3, the court wrote "The parties confirmed at trial that Defendant allowed Plaintiffs' claimed expenses for utilities, so those are not at issue before the court.")

C.      *Appeal*

A party wishing to appeal to the Regular Division of this court must do so within 60 days from the date of the court's Corrected Final Decision.  ORS 305.501(5)(a).  "If no appeal is taken to the tax court judge within 60 days, the decision of the magistrate shall become final.  The tax court shall enter a judgment enforcing all final decisions of the magistrate, which judgment shall be binding upon all parties."  ORS 305.501(7).  Now, therefore,

IT IS THE DECISION OF THIS COURT that the Final Decision entered on March 13, 2015, is hereby incorporated in this Corrected Final Decision.

IT IS FURTHER DECIDED that Plaintiffs' request to correct the typographical error on page 28 of the Final Decision is granted.  That paragraph is hereby corrected as follows: "IT IS FURTHER DECIDED that Plaintiffs are not entitled to any [*of*] **other** expenses claimed on their federal Schedule C and Schedule F."

IT IS FURTHER DECIDED that, within 14 days of the date of this Corrected Final Decision, the parties must file a stipulated calculation of Plaintiffs' 2009 substantial understatement of income and related penalty based on the court's direction in this Corrected Final Decision.

IT IS FURTHER DECIDED that, if the parties cannot agree on the correct calculation of Plaintiffs' 2009 substantial understatement of income and related penalty, each party must file

/ / /

/ / /

/ / /

/ / /

/ / /

within 14 days of the date of this Corrected Final Decision its own calculation of the substantial understatement and penalty based on the court's direction in this Corrected Final Decision.

Dated this ____ day of May 2015.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on May 6, 2015.*